# MOONEY v. DENVER & R. G. W. R. CO.

No. 7847.   Decided June 1, 1953.   (257 P. 2d 947.)

See 57 C. J. S., Master and Servant, sec. 534.

*Van Cott, Bagley, Cornwall & McCarthy,* Salt Lake City, *Clifford L. Ashton* and *Dennis McCarthy,* Salt Lake City, for appellant.

*Rawlings, Wallace, Black, Roberts & Black,* Salt Lake City, *Calvin W. Rawlings* and *Brigham E. Roberts,* Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from judgment on a verdict for plaintiff, defendant's employee, in an action under the Safety Appliance Act[1] and the Federal Employers Liability Act.[2] Affirmed. Costs on appeal to plaintiff.

[1] 45 U. S. C. A. § 11 et seq.
[2] 45 U. S. C. A. § 51 et seq.

Defendant claims error in the trial court's giving one instruction and in refusing to give two, and in denying a motion to dismiss for reasons governed by the doctrine "forum non conveniens."

In this same case this court reversed an order granting such a motion.[3] It held that the showing made was insufficient to deny plaintiff access to the Utah forum under the established doctrine reflected in the words "forum non conveniens," thus concluding that the trial court's ruling had been arbitrary.

After remittitur, defendant renewed the motion, presenting somewhat more in detail its anticipated hardship and inconvenience. The trial court denied the motion, believing that defendant still had not shouldered the burden of showing sufficient reason for invocation of the rule.

At the trial defendant procured nonresident witnesses not amenable to process of this state, about whose voluntary appearance the movant was concerned. We affirm the trial court's ruling, not being convinced clearly that a showing was made of hardship and inconvenience of the type necessary to foreclose the use of our courts by a litigant, though nonresident.

As to asserted errors relating to instructions, we believe the record and the instructions given sustain our holding that no prejudicial error occurred. Instruction 6, assailed by defendant, is more or less standard in F. E. L. A. cases, outlining elements of liability. Defendant does not quarrel with it except as given here, where, defendant asserts, it applies to issues not within the pleadings or supported by the evidence.

Plaintiff was injured in releasing a flat-car hand brake. He claimed the device, having a bent staff, was defective,

---

[3]*Mooney* v. *Denver & R. G. W. R. Co.*, 118 Utah 307, 221 P. 2d 628.

resulting in an eccentric whirling when released, which in this case knocked plaintiff off the car, ■ creating liability under the Safety Appliance Act. He also claimed negligence in failure to furnish a safe place to work, under the F. E. L. A., by permitting the scattering of sundry tools on the car's bed, requiring plaintiff, in releasing the brake, to work in a restricted and unsafe area.

Plaintiff admitted he was knocked off the car when struck by the brake, whose staff, being bent, whirled in a wider perimeter. He further said there was nothing about the way he was standing that in any way contributed to his accident. From this and similar testimony, defendant urges that defendant could not be negligent in failing to remove the tools, hence the instruction was erroneous. Were that all, we would incline to agree, but other testimony makes it appear that even if plaintiff's stance did not contribute to the accident, in his opinion, the fact that he may have had to stand in a restricted area because of the presence of tools where elsewhere he may have stood, could create a situation where, absent the tools, the accident may not have occurred,—reasonably presenting a jury question. Mooney testified that "in this particular instance it was very hard to really pick out a good place that was good and firm and safe"; that "I got the best [stance] I could get for the conditions"; that "behind me was a grab-iron and there was very little room to stand, and there was stuff scattered all over there"; that it would have been safer had he been able to get directly behind the brake staff, but that he was unable to do so "because the tool box was there." Other similar testimony appears,— all of which is of such character as to present a jury question concerning negligence or non-negligence in failing to furnish a safe working place,—thus justifying the instruction mentioned.

Defendant complains of the court's failure to instruct as to the possibility of plaintiff's conduct being the sole

cause of the injury. The verdict was for an amount attributable to defendant's negligence, from which an amount attributable to plaintiff was deducted,— proper in an F. E. L. A. case. The court instructed that if the negligence of plaintiff were alone the cause of the accident, such finding under the F. E. L. A. would wipe out damages and the jury would have to return a no cause of action verdict. Although an instruction on damages, the jury certainly was aware that if plaintiff's conduct soley caused the accident he could recover no damages, and the result would be identical,—no cause of action. Failure to give the instruction, therefore, was not prejudicial.

Finally, defendant attacks the court's refusal to instruct that defendant is not an insurer, that no presumption of liability arises out of the fact of injury, and that negligence or a violation of the Safety Appliance Act must be proved in order to recover. The court did instruct (No. 5) that the burden was on the plaintiff to show that the brake was not free from defect, and the instruction on damages based on comparative negligence reasonably made it obvious that defendant was no insurer, since plaintiff's negligent conduct could wipe out damages,—a result hardly consonant with a conception of absolute insurability, or that the jury might have been misled as to the burden of proof, making it appear that the jury was instructed substantially on the matters complained of by defendant.

WOLFE, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.